UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS J. ALSTON,

    *Plaintiff*,

v.

CASH STORES INC. et al.,

    *Defendants*.

Civil Action No. 23-571 (TJK)

## MEMORANDUM

Plaintiff has disregarded the Court's repeated orders and abandoned this case. Thus, and as explained further below, the Court will dismiss the case without prejudice.

**I.**    **Background**

Proceeding pro se, Plaintiff sued ten defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* Three defendants moved to dismiss. *See* ECF Nos. 13, 16, 19. Rather than respond to those motions, Plaintiff moved to amend his complaint. ECF No. 28. His proposed amended complaint dropped five defendants. *See* ECF No. 28-1 at 1.

Over one original defendant's objection, the Court granted leave to amend. *See* Min. Order of May 23, 2023. The proposed complaint Plaintiff filed along with his motion included, in the same document, a comparison of his proposed amendments with his original complaint. *See* ECF No. 28-1 at 6–12. But the Court's local rules require a motion to amend to "be accompanied by an original of the proposed pleading as amended." LCvR 7(i). So in granting Plaintiff's motion to amend, the Court ordered Plaintiff to file a clean copy of his First Amended Complaint on the docket by June 6, 2023. Min. Order of May 23, 2023.

Plaintiff never filed that document. Instead, he filed a notice purporting to dismiss three entities from the case—two of which were not named as defendants in his proposed amended complaint. *See* ECF No. 33.

Another defendant, ForwardLine Financial, LLC, then moved to dismiss Plaintiff's complaint. It argues mainly that the Court should compel Plaintiff to arbitrate this dispute. *See* ECF No. 34-1 at 4–5. Alternatively, it says venue is improper and that Plaintiff has failed to state a claim. *See id.* at 6–7. The Court advised Plaintiff to respond to that motion by July 24, 2023. *See* ECF No. 36. It warned Plaintiff that, if he did not timely respond, the "Court may treat [the motion] as conceded and, if circumstances warrant, dismiss the case as to Defendant ForwardLine Financial, LLC." *See id.* at 2 (emphasis deleted). Plaintiff did not respond by the deadline.

The day after that deadline, the Court pointed out that Plaintiff had neither (1) filed proof of service on any defendant named in his proposed amended complaint nor (2) complied with its prior order to file his First Amended Complaint by June 6. *See* Min. Order of July 25, 2023. It directed Plaintiff to fix those defects by August 22, 2023. *See id.* It warned him that the Court could "dismiss [the] case *sua sponte* because of his failure to comply." *See id.* (quoting *Mohebbi v. Concentric Methods*, No. 14-CV-704 (JDB), 2015 WL 6153957, at *1 (D.D.C. Oct. 19, 2015)) (alteration adopted). And it explained that Federal Rule of Civil Procedure 4(m) requires the Court to "dismiss the action without prejudice against unserved defendants or order that service be made within a specified time." *See id.* (alterations adopted).

Weeks later, Plaintiff still has not responded to those orders. Defendant ForwardLine Financial, LLC, thus asks the Court to grant its motion to dismiss as conceded. *See* ECF No. 38.

## II. Legal Standard

Plaintiff has a duty to prosecute this action or face dismissal. *See* Fed. R. Civ. P. 41(b). That obligation applies even though he proceeds pro se. *See Allen v. United States*, 277 F.R.D.

2

221, 223 (D.D.C. 2011). A court may "dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011). Dismissal is a "harsh sanction" that should be used sparingly. *Id.* (quotation omitted). But it is warranted if a party "consciously fails to comply with a court order cognizant of the drastic ramifications." *See id.* at 420 (quoting *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000)).

When service is untimely, Federal Rule of Civil Procedure 4(m) directs courts to "dismiss the action without prejudice against [unserved defendants] or order that service be made within a specified time." District courts have discretion in choosing between those options. *See Morrisey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021). A plaintiff's failure to comply with prior orders directing that service be made within a specified time supports dismissal. *See, e.g.*, *Bozgoz v. Blackwell*, No. 19-CV-2790 (RDM), 2021 WL 1518337, at *5 (D.D.C. Apr. 16, 2021). That is true even of a pro se litigant because proceeding without counsel "is not a 'license to ignore the Federal Rules of Civil Procedure.'" *See id.* (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)) (alteration adopted).

**III.   Analysis**

The Court will dismiss the case without prejudice for failure to prosecute and, for those defendants who have yet to appear, for failure to file proof of service timely. Although Defendant ForwardLine Financial, LLC, asks the Court to grant its motion to dismiss as conceded, the Court declines because a non-preclusive dismissal is appropriate and preferred by the local rules and the Federal Rules of Civil Procedure.

*          *          *

First, dismissal for failure to prosecute is warranted as to the claims against all defendants. Plaintiff has filed nothing responsive to the course of litigation in over four months. *See* ECF

No. 28 (Plaintiff's Motion for Leave to File a First Amended Complaint). He has filed nothing at all in nearly three months. *See* ECF No. 33. During that lapse, he has ignored three explicit deadlines. *See* Min. Order of May 23, 2023; ECF No. 36; Min. Order of July 25, 2023. The latter two deadlines were accompanied by clear warnings that failure to comply would risk dismissal of the case. *See* ECF No. 36; Min. Order of July 25, 2023.

Plaintiff's behavior satisfies the legal standard for dismissal under Rule 41(b). His repeated failure to comply with orders designed to ensure orderly litigation despite "warnings and opportunities" to do otherwise suggests that he does not intend to keep prosecuting his claims. *See, e.g.*, *Wingo v. WMATA*, No. 19-CV-3507 (ACR), 2023 WL 2562542, at *2 (D.D.C. Mar. 16, 2023). He has also "made no effort to explain" his abdication. *See, e.g.*, *James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017). And the Court's orders gave him notice of the "drastic ramifications" of those decisions. *See Peterson*, 637 F.3d at 420 (quotation omitted).

Second, Plaintiff's failure to file proof of service is a second basis for dismissing the claims against the defendants who have not appeared.[1] Because proof of service is untimely, Rule 4(m) directs the Court to "dismiss the action without prejudice . . . or order that service be made within a specified time." The Court has already attempted the latter course, and Plaintiff still did not file proof of service. Thus, in its discretion, the Court finds that dismissal without prejudice is appropriate. *See, e.g.*, *Bozgoz*, 2021 WL 1518337, at *5.

Third, the Court finds it unnecessary and inappropriate to grant Defendant ForwardLine Financial, LLC's motion to dismiss as conceded. As it has already explained, Plaintiff's litigation conduct warrants dismissal of the claims against ForwardLine for failure to prosecute. By local

---

[1] Defendant ForwardLine Financial, LLC, does not assert insufficient service of process as a basis for dismissal. *See* ECF No. 34-1. Thus, it has waived or forfeited any argument for dismissal on those grounds. *See* Fed. R. Civ. P. 12(g)(2); 12(h)(1).

rule, such dismissals should be "without prejudice[ ] unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." LCvR 83.23. Prejudice in that sense means something "other than the prospect of a second lawsuit or some tactical disadvantage." *See Conafay ex rel. Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986). And ForwardLine has provided no basis for the Court to conclude that a without-prejudice dismissal of Plaintiff's claims would cause it such prejudice.

Moreover, if the Court were to grant ForwardLine's motion as conceded, that dismissal would preclusively decide the issue of the Court's subject-matter jurisdiction over Plaintiff's claim against ForwardLine. "[O]nce a court has dismissed a claim for want of jurisdiction, the parties cannot 'relitigate the precise issue of jurisdiction that led to the initial dismissal.'" *See Esparraguera v. U.S. Dep't of the Army*, No. 22-CV-1109 (TJK), 2022 WL 17668808, at *2 (D.D.C. Dec. 14, 2022) (quoting *Jackson v. Office of the Mayor of the D.C.*, 911 F.3d 1167, 1171 (D.C. Cir. 2018)) (alteration adopted). Thus, the Court would be deciding whether it lacks jurisdiction because Plaintiff is contractually obligated to arbitrate this dispute without the benefit of adversarial briefing. *See* ECF No. 34-1 at 4–5.

This Circuit's caselaw, though, establishes a "clear preference for a resolution on the merits." *Shatsky v. Syrian Arab Republic*, 795 F. Supp. 2d 79, 82 (D.D.C. 2011). That preference is not served by a binding resolution produced by procedural "technicalities." *See Brown v. District of Columbia*, No. 09-CV-1800 (RBW), 2010 WL 1740824, at *1 (D.D.C. Apr. 28, 2010). For that reason, and because ForwardLine has articulated no prejudice from a non-preclusive dismissal without prejudice, the Court will dismiss the claims against ForwardLine only because of Plaintiff's failure to prosecute.

## IV. Conclusion

For all the above reasons, the Court will dismiss the case without prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 7, 2023